IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BEVERLY CHILTON, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 1:15-cv-214 |
| | § | |
| V. | § | |
| | § | |
| UTC MANAGEMENT, LLC d/b/a UTC HEALTH & REHAB;  UNION TREATMENT CENTERS, L.L.C.;  UNION TREATMENT CENTER - AUSTIN, L.L.C.; UNION TREATMENT CENTER – CORPUS CHRISTI, L.L.C.;  UNION TREATMENT CENTER - KILLEEN, L.L.C.;  UNION TREATMENT CENTER – SAN ANTONIO, L.L.C.;  UTC PROVIDERS - AUSTIN, INC. D/B/A UTC HEALTH & REHAB – AUSTIN;  UTC PROVIDERS - CORPUS CHRISTI, INC. D/B/A UTC HEALTH & REHAB - CORPUS CHRISTI;  UTC PROVIDERS - KILLEEN, INC. D/B/A UTC HEALTH & REHAB – KILLEEN;  UTC PROVIDERS - SAN ANTONIO, INC. D/B/A UTC HEALTH & REHAB - SAN ANTONIO; | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Beverly Chilton ("Chilton" or "Plaintiff"), Plaintiff in the above styled and numbered cause, and files this, her Original Complaint, complaining of UTC Management, LLC d/b/a UTC Health & Rehab; Union Treatment Centers, L.L.C.; Union Treatment Center - Austin, L.L.C.; Union Treatment Center - Corpus Christi, L.L.C.; Union Treatment Center - Killeen, L.L.C.; Union Treatment Center - San Antonio, L.L.C.; UTC Providers - Austin, Inc. d/b/a

UTC Health & Rehab – Austin; UTC Providers - Corpus Christi, Inc. d/b/a UTC Health & Rehab - Corpus Christi; UTC Providers - Killeen, Inc. d/b/a UTC Health & Rehab – Killeen; and UTC Providers - San Antonio, Inc. d/b/a UTC Health & Rehab - San Antonio (collectively "Defendants"), and for causes of action would show as follows:

## I.
## INTRODUCTION

1. This action seeks actual damages, two times Plaintiff's back pay, compensatory damages, attorneys' fees, all costs and expenses, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest as allowed by law for Defendants' violations of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h).

2. Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

3. The Plaintiff is an individual who currently resides in Williamson County, Texas.

4. Defendant UTC Management, LLC d/b/a UTC Health & Rehab is a domestic limited liability company that maintains its principal place of business in Texas. Service of the Summons and this Complaint may be made by serving its registered agent, William E. Sonia III, at 8900 Shoal Creek Blvd., Bldg. 300, Austin, Texas, 78757.

5. Defendant Union Treatment Centers, L.L.C. is a domestic limited liability company that maintains its principal place of business in Texas. Service of the Summons and this Complaint may be made by serving its registered agent, William Sonia III, at 12607 Wharton Drive, Dallas, Texas, 75243.

6. Defendant Union Treatment Center - Austin, L.L.C. is a domestic limited liability company that maintains its principal place of business in Texas. Service of the Summons and this Complaint

2

may be made by serving its registered agent, William Sonia, at 8900 Shoal Creek Blvd., Austin, Texas, 78757.

7.      Defendant Union Treatment Center – Corpus Christi, L.L.C. is a domestic limited liability company that maintains its principal place of business in Texas. Service of the Summons and this Complaint may be made by serving its registered agent, William Sonia, at 8900 Shoal Creek Blvd., Austin, Texas, 78757.

8.      Defendant Union Treatment Center - Killeen, L.L.C. is a domestic limited liability company that maintains its principal place of business in Texas. Service of the Summons and this Complaint may be made by serving its registered agent, William Sonia, at 8900 Shoal Creek Blvd., Austin, Texas, 78757.

9.      Defendant Union Treatment Center – San Antonio, L.L.C. is a domestic limited liability company that maintains its principal place of business in Texas. Service of the Summons and this Complaint may be made by serving its registered agent, William Sonia, 200 E. Ramsey, San Antonio, Texas, 78216.

10.     Defendant UTC Providers - Austin, Inc. d/b/a UTC Health & Rehab – Austin is a Domestic Nonprofit Corporation that maintains its principal place of business in Texas. Service of the Summons and this Complaint may be made by serving its registered agent, William Sonia, at 8900 Shoal Creek Blvd., Bldg. 300, Austin, Texas, 78757.

11.     Defendant UTC Providers - Corpus Christi, Inc. d/b/a UTC Health & Rehab - Corpus Christi is a Domestic Nonprofit Corporation that maintains its principal place of business in Texas. Service of the Summons and this Complaint may be made by serving its registered agent, William Sonia, at 8900 Shoal Creek Blvd., Bldg. 300, Austin, Texas, 78757.

12.     Defendant UTC Providers - Killeen, Inc. d/b/a UTC Health & Rehab – Killeen is a

Domestic Nonprofit Corporation that maintains its principal place of business in Texas. Service of the Summons and this Complaint may be made by serving its registered agent, William Sonia, at 8900 Shoal Creek Blvd., Bldg. 300, Austin, Texas, 78757.

13. Defendant UTC Providers - San Antonio, Inc. d/b/a UTC Health & Rehab - San Antonio is a Domestic Nonprofit Corporation that maintains its principal place of business in Texas. Service of the Summons and this Complaint may be made by serving its registered agent, William Sonia, at 8900 Shoal Creek Blvd., Bldg. 300, Austin, Texas, 78757.

14. Plaintiff was Defendants' employee, contractor, or agent pursuant to 31 U.S.C. § 3730(h), and/or Defendants were joint employers and/or a joint enterprise and/or a single employer, as a single, integrated enterprise, of Plaintiff, at all relevant times.

### III.
### JURISDICTION AND VENUE

15. This Court has jurisdiction over all claims in this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

16. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

17. All conditions precedent to filing this lawsuit have been met.

### IV.
### FACTS

18. Plaintiff began work for Defendants in or around March of 2011.

19. At the time Plaintiff began to work for Defendants, she had approximately 27 years of experience in the health care field.

20. Defendants provide medical services to individuals who are covered by federal insurance plans. Defendants send bills directly to the federal government for payment. Defendants primarily

4

serve federal postal workers, providing workers compensation services that are submitted to the Department of Labor ("DOL") through the Office of Workers' Compensation Programs.

21. In 2012, Nathalie Blackstock, a billing department employee, was promoted to Billing Director.

22. On information and belief, Defendants promoted Blackstock to Billing Director even though Defendants knew or should have known Blackstock did not have a medical coding certification.

23. In or around April of 2012, Plaintiff complained to Chief Operating Officer Christine Craighead about the company's billing practices, informing her that Plaintiff had reviewed patient bills in Killeen and that Blackstock's billing department improperly inflated the bills and that the company presented those bills to DOL for payment. Craighead gave Plaintiff the impression that the company was going to remedy the issues Plaintiff raised.

24. In or around November of 2013, Plaintiff complained to company CEO Rick Lucas that the billing department was changing codes, and that clinics were billing DOL for much more time than patients were present in the clinics receiving services.

25. Plaintiff specifically complained about the policies and practices of Billing Director Blackstock. Plaintiff told Lucas that Blackstock was encouraging overbilling, billing for services not provided, and billing for services not necessary and medically appropriate. Plaintiff asked Lucas to resolve these billing issues.

26. In or around June of 2014, Plaintiff again complained to Lucas about billing practices, including excessive billing and bills submitted to the government for payment that Blackstock's billing department upcoded without first verifying with the clinicians.

27. Plaintiff also alerted Lucas that Blackstock encouraged the clinics to use certain codes on

every rehabilitation visit, whether or not they were necessary and medically appropriate, and asked Lucas to have this practice stopped.

28. Plaintiff also told Lucas that clinics were billing the Department of Labor under doctor codes for rehab services provided when doctors were not on site, which falsely increased the bills, and that she believed this was a fraudulent practice, and asked Lucas to have this practice stopped.

29. In or around July of 2014, Plaintiff also reported billing issues to Larry Hensley, the Executive Director of Corporate Integrity. Specifically, Plaintiff told Hensley that Blackstock encouraged the chiropractors to perform code 99213, an office visit for evaluation and management of established patients. However, the DOL does not recognize chiropractors as treating physicians for code 99213 under Defendants' business model. Therefore, these services were billed using physician identification numbers for doctors who were not present for these evaluations. Plaintiff also told Hensley that Blackstock encouraged billing of the 99213 code for each active rehab patient one time per week, regardless of whether it was necessary and medically appropriate. Plaintiff asked Hensley to have these practices stopped. Hensley responded by saying that he would follow up with Lucas, and that Lucas would resolve these issues. However, these practices continued.

30. Thereafter, in late December 2014, Plaintiff met with Lucas, HR Director Linda Whitney, and Blackstock to discuss potential layoffs at the company. Shortly after this meeting, Plaintiff told Whitney that the layoffs should start with the billing department, because that is where the cheating was going on.

31. In the morning of Wednesday, January 7, 2015, Plaintiff attended a Compliance Committee meeting with Hensley, Blackstock, Lucas, and Compliance Auditor Donni Whatley. During this meeting, it was revealed that the Austin clinic had a fail rate of 50%, meaning that for one out of

every two claims audited, the claims were not compliant.  This fail rate suggested to Plaintiff that up to 50% of claims submitted from the Austin clinic contained either false or fraudulent billing.  At this meeting, Plaintiff strongly criticized these billing practices, and raised her prior complaints about these issues.

32.     Among other things, Plaintiff told the Compliance Committee, including Lucas, that either the billing department or the doctors were billing for more time than the doctors spent with the patients, and that the paper superbill and the medical documentation did not match.  Plaintiff told the Executive Committee that this needed to be fixed.

33.     In response, Lucas merely discussed having Blackstock teach a coding and electronic records input class.  Lucas then, during the meeting, said something to the effect of "it is what it is," and winked at Plaintiff.

34.     Later that same day, Lucas came into Plaintiff's office, and told her that her position was eliminated.  Lucas, the same individual whom Plaintiff asked to stop the fraudulent billing practices, was involved in the decision to terminate Plaintiff's employment.

35.     On information and belief, after Plaintiff was terminated, Lucas told Blackstock "we already got rid of one target."

36.     Upcoding, billing the government for services not provided, billing for services provided by unqualified personnel, billing for personnel not present, and billing for services not medically necessary violate 31 U.S.C §§ 3729(a)(1)(A) and (B) of the FCA.  Conspiring to commit those FCA violations violates 31 U.S.C. § 3729(a)(1)(C) of the FCA.

37.     Plaintiff alleges that she was terminated and otherwise discriminated against, in violation of the False Claims Act, 31 U.S.C. § 3730(h), for her steps in furtherance of an action under the FCA or her efforts to stop one or more violations of the FCA.

## V.
## CAUSES OF ACTION

38. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

39. Defendants' conduct violated the False Claims Act, 31 U.S.C. § 3730(h).

## VI.
## ATTORNEYS' FEES

40. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

41. Plaintiff is entitled to recover attorneys' fees and costs for bringing this action pursuant to 31 U.S.C. § 3730(h)(2) of the False Claims Act.

## VII.
## DAMAGES

42. As a result of Defendants' conduct, Plaintiff seeks relief which includes, but is not limited to: (1) actual damages, including back pay and other benefits; (2) two times the back pay, as allowed by law; (3) reinstatement or front pay; (4) compensatory damages; (5) all costs and expenses, including but not limited to expert witness fees and attorneys' fees; (6) pre-judgment and post-judgment interest as allowed by law; and (7) such other relief, legal or equitable, as may be warranted or to which Plaintiff is entitled.

## VIII.
## JURY DEMAND

43. Plaintiff requests a trial by jury on issues triable by a jury in this case.

## IX.
## PRAYER

44. WHEREFORE, Plaintiff respectfully prays that upon final hearing and trial hereof, this

Court grant Plaintiff judgment for the following:

    a. Actual damages for the period of time provided by law, including appropriate backpay and other benefits;

    b. An equal amount to (b) as allowed under § 3730(h)(2);

    c. Reinstatement or front pay, including benefits;

    d. Compensatory damages;

    e. Attorneys' fees both for this cause and for any and all appeals as may be necessary;

    f. Pre-judgment and post-judgment interest as allowed by law;

    g. All costs and expenses;

    h. Costs of court and other costs of prosecuting Plaintiff's claim;

    i. Expert witness fees;

    j. Such other relief, legal or equitable, as may be warranted or to which Plaintiff is entitled.

Respectfully Submitted,

Kaplan Law Firm, PLLC
98 San Jacinto Blvd., Suite 540
Austin, Texas 78701
Telephone: (512) 553-9390
Telecopier: (512) 692-2788

By: /s/ Austin Kaplan
_____
Austin Kaplan
State Bar No. 24072176
akaplan@kaplanlawatx.com
ATTORNEY FOR PLAINTIFF
BEVERLY CHILTON